UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIE LEE PARTEE,

        Petitioner,                  Case No. 1:21-cv-767

v.                                      Honorable Paul L. Maloney

MATT MACAULEY,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility in Ionia, Ionia County, Michigan. On April 15, 2020, Plaintiff was paroled to the Kalamazoo Probation Enhancement Program (KPEP) from sentences for tampering with an electronic monitoring device, criminal sexual conduct, and home invasion. Plaintiff's time at KPEP did not go smoothly. Within weeks, he was arrested and detained, initially in the Berrien County Jail. Eventually, he was sent back to prison.

The petition is not a model of clarity. Petitioner claims that he was not timely arraigned on the Berrien County criminal charge that ultimately resulted in his parole revocation. The parole revocation proceedings were strung out over more than a year. Petitioner reports that the MDOC finally held a parole revocation hearing on July 9, 2021, and found him guilty. (Pet., ECF No. 1, PageID.3–4.) Petitioner also suggests that as of July 19, 2021, he was arraigned on the Berrien County criminal charge. (*Id*.)

It appears that Petitioner may have entered a plea of *nolo contendere* in the parole revocation proceeding. (*Id*., PageID.4) ("The MDOC abused its discreation [sic] by denying my request to set aside my plea . . . ."). He states that counsel advised him that the plea would probably result in his release on parole again in 12 months. (*Id*., PageID.4 01505.) Instead, Petitioner complains, the MDOC has held him for 15 months already and has now continued him for another 24 months. (*Id*., PageID.5.) The heart of Petitioner's habeas claim, however, appears to be his contention that the MDOC cannot revoke his parole based on a criminal charge for which the state courts have no jurisdiction because Petitioner was not timely arraigned. Petitioner's attack on the constitutionality of the parole revocation appears to be inseparably intertwined with his contention that the ongoing criminal proceeding are unconstitutional; however, the Court concludes that

2

Petitioner is not attacking the constitutionality of the criminal proceedings by way of this petition, because he specifically identifies the MDOC Parole Board as the Respondent.[1]

Although this is Petitioner's first habeas petition relating to his parole revocation, it is not his first suit relating to these claims. Petitioner filed three mandamus petitions since February of 2021: *Partee v. Unknown Parties*, No. 1:21-cv-133 (W.D. Mich.); *Partee v. MDOC*, et al., 1:21-cv-184 (W.D. Mich.); and *Partee v. MDOC*, No. 1:21-cv-395 (W.D. Mich.). Petitioner's third mandamus petition was dismissed as duplicative of the first two and the first two were dismissed for failure to want of prosecution. Petitioner's submissions in connection with the mandamus cases have provided useful background information to supplement Petitioner's scant allegations in this case.

The Court notes that, on August 21, 2021, Petitioner filed a mandamus petition in the Michigan Court of Appeals naming the Michigan Parole Board as the defendant. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=358322&CourtType_CaseNumber=2 (visited September 6, 2021).

## II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270,

---

[1] If Petitioner were attacking the ongoing criminal proceedings, his claim would be properly dismissed without prejudice because: (1) his claims could not be properly raised by way of a habeas petition—he is not detained pursuant to the ongoing criminal proceedings but, instead, pursuant to his prior criminal convictions and the revocation of his parole; (2) his claims would be subject to the *Younger* abstention doctrine; and (3) his claims would be unexhausted. *See, e.g., LaPine v. Chapman*, No. 20-1509, 2020 WL 7048667 (6th Cir. Oct. 27, 2020).

3

275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

The exhaustion requirement applies to claims challenging the revocation of parole. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action challenging the revocation of his parole); *Brewer v. Dahlberg*, 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Moreover, when it is uncertain whether the Michigan courts will consider the petitioner's habeas claims on the merits, this Court will presume that such state relief is available to the petitioner. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer*, 942 F.2d at 340. The state courts should have a full and fair opportunity to cure any constitutional infirmities in petitioner's conviction. *See Brewer*, 942 F.2d at 340. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423–24 (6th Cir. 2000).

Parole revocations are subject to direct review under Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.304(1). *See Penn v. Dep't of Corr.*, 298 N.W.2d 756, 757-58 (Mich. Ct. App. 1980) (noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that

4

triggers application of the Administrative Procedures Act); *Witzke v. Withrow*, 702 F. Supp. 1338, 1348-49 (W.D. Mich. 1988). Under the Administrative Procedures Act, a prisoner may file a petition in circuit court to appeal a final decision of the parole board within sixty days after the date of mailing notice of the agency's final decision. *See* Mich. Comp. Laws § 24.304(1). It is not clear when notice of the agency's final decision was provided to Petitioner; but it is possible that the time for seeking review has already expired and that relief under the APA is no longer available to Petitioner.

A prisoner also may attack the decision to revoke his parole by filing a state petition for habeas corpus relief. *See Morales v. Mich. Parole Bd.*, 676 N.W.2d 221, 230 (Mich. Ct. App. 2003); *Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629–30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus remedy to challenge the revocation of his parole). A prisoner may, at any time, file a state writ of habeas corpus to challenge the revocation of his parole as long as the prisoner will be in custody at the time the judgment becomes effective. *See Triplett*, 371 N.W.2d at 865.

The requirement to exhaust is not absolute. A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner does not suggest that any of these exceptional circumstances exist here.

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. But if dismissal might jeopardize the timeliness of any subsequent

5

habeas petition, further relief may be appropriate.[2] Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Depending on when Petitioner received notice of the Parole Board's action, the parole revocation might be final now. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). The soonest the "judgment" could have become final is 60 days after the parole revocation hearing: September 7, 2021. Petitioner would have at least one year from that date, or until September 7, 2022, to timely file his petition.

---

[2] In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition. The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims. The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

On the other hand, if Petitioner's time to appeal has not yet run, his "judgment" is still not final. Moreover, the period of limitation is tolled while an application for state post-conviction or collateral review of a claim is pending. 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). If Petitioner filed a state application for habeas corpus, the statute of limitations would be tolled and remain tolled until the resolution of the application was final.

In any event, because Petitioner has at least a year to file his petition, and perhaps longer, to pursue state court remedies, a stay of these proceedings is not warranted. Accordingly the Court will dismiss the petition for failure to exhaust available state-court remedies.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons Petitioner has failed to demonstrate that he is entitled to relief, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated:   October 15, 2021                                    /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge